9 F.3d 978
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re CARBIDE BLAST JOINTS, INC. and Vermont American
Corporation, Petitioners.
 Misc. No. 386.
 United States Court of Appeals, Federal Circuit.
 Sept. 23, 1993.
 
 Before NEWMAN, ARCHER, and MAYER, Circuit Judges.
 ON PETITION FOR WRIT OF MANDAMUS
 ARCHER, Circuit Judge.
 
 ORDER
 
 1
 Carbide Blast Joints, Inc. et al. petition for a writ of mandamus to direct the United States District Court for the Southern District of Texas to promptly enter judgment on the jury verdict and to issue a permanent injunction against Rickert Precision Industries, Inc. et al. Rickert opposes. Carbide replies.
 
 
 2
 As gleaned from the parties papers, Carbide sued Rickert for infringement of the claims of two of Carbide's patents. On July 21, 1993, the jury returned a verdict determining (1) that one of the patents was infringed by Rickert, (2) that the infringement was not willful, (3) that Carbide's patents were not invalid, (4) that Carbide did not engage in inequitable conduct, (5) that there was no misuse, and (6) damages of $2.8 million. To date, the district court has not entered a judgment on the jury verdict.
 
 
 3
 Rickert states that there has been no judgment because "the parties agreed that the jury interrogatory on inequitable conduct was advisory" and that the district court has to rule on that issue after briefing by the parties. We are not persuaded, based on the papers submitted, that Rickert's statement is accurate. Fed.R.Civ.P. 39(c) provides that "the court upon motion or of its own initiative may try any issue with an advisory jury." The papers submitted by Rickert do not show that the district court deemed the jury to be advisory on the inequitable conduct issue. The jury instructions and interrogatories clearly do not reflect any special status for that issue. Further, in its reply, Carbide states that the jury was not advisory.
 
 
 4
 Thus, it appears that there may be nothing left for the district court to do but enter judgment pursuant to Fed.R.Civ.P. 58 and that the parties' opportunity to brief the contested issues will be by way of appropriate post-judgment motions. Nonetheless, we decline to issue a writ to the district court to enter judgment immediately because the matter is not entirely clear and because the district court has some discretion in the timing and manner of entering judgment.
 
 
 5
 With respect to Carbide's request that a permanent injunction be issued immediately, we also decline to issue a writ. The district court has discretion in deciding when a permanent injunction should issue. If equitable and other considerations so indicate, a permanent injunction may be issued following a jury verdict or at the time the judgment is entered. On the other hand, those considerations may indicate that it is more appropriate to make a decision on the injunction matter when the post-judgment motions are decided.
 
 
 6
 In brief, if all that remains before the district court is the entry of judgment following the jury verdict, we are puzzled at the district court's delay in doing so. However, it is possible that some matters remain to be decided before entry of judgment. If so, the district court has the discretion to manage its docket in a matter it sees fit, within the parameters of Rule 58.
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 Carbide's petition for a writ of mandamus is denied.